**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JOE MITCHELL DORSEY, # 231041,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **vs.** | * CIVIL ACTION NO. 22-00276-CG-B |
| | * |
| **BLAKE TURMAN,** *et al.,* | * |
| | * |
| **Defendants.** | * |

## REPORT AND RECOMMENDATION

Plaintiff Joe Mitchell Dorsey, an Alabama state prison inmate confined at St. Clair Correctional Facility, filed a *pro se* complaint seeking relief under 42 U.S.C. § 1983. (Doc. 1).[1] This case was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). The undersigned has conducted an initial review of Dorsey's complaint pursuant to 28 U.S.C. § 1915A, which requires courts to perform a screening review of any civil complaint filed by a prisoner against a government official. See 28 U.S.C. § 1915A(a). After careful review, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama.

---

[1] When he initiated this action, Dorsey did not pay the filing fee and did not file a motion to proceed without prepayment of fees.

Dorsey's complaint lists as Defendants: Blake Turman, Sheriff of Covington County, Alabama, and Mark Odom, Drug Task Force Agent at Covington County, Alabama.  (Doc. 1 at 6-7).  Dorsey alleges that, on the morning of June 5, 2020, "Covington County Sheriff Deputies and D.T.F. Agents" called him out of his cell at the Covington County Jail and ordered him to come down the stairs. (Id. at 4).  Dorsey alleges that as he was walking down the stairs, "they snatched [him] from the stairs putting all the[ir] force on [him] as they thr[ew] [him] to the ground tearing [his] [k]nuckle off [his] hand in the process an[d] started kicking [him] and punching [him]" while yelling and cursing at him and using racial slurs.  (Id. at 4-5).  After he was handcuffed, Dorsey asserts that "they" used his head to open closed doors and continued to punch him in the face.  (Id. at 5).  Dorsey alleges that he told "them" his hand and body were hurt, but they ignored him and placed him in a holding cell in handcuffs.  (Id.).

Hours later, after he returned to his cell, Dorsey told correctional officers that his hand was injured, and they took him to the nurse, who "made a[n] appointment for the bone doctor." (Id.).  At that appointment, Dorsey "found out [his] hand was broken and [his] [k]knuckle was tor[n] off [his] hand."  (Id.). Dorsey claims that Sheriff Turman called the doctor and told him not to put a cast on Dorsey's hand because he was a violent inmate, and although the doctor informed Sheriff Turman that Dorsey would

require surgery if his hand was not placed in a cast, "the sheriff told him he didn't care." (Id.). Dorsey states that he underwent surgery weeks later, "having 8 screw[s] and a plate put in [his] hand." (Id.). He further alleges that he was denied physical therapy after the surgery "by the sheriff's request." (Id.).

Dorsey asserts a claim against Agent Odom for using excessive force, and he brings claims against Sheriff Turman for allowing or failing to stop the excessive force that caused his injuries and for denying him "access to adequate humane health care treatment." (Id. at 6-7).

A civil action may be brought in--

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933 F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s venue provisions to a § 1983 action).

When venue is not proper in the district of filing, a district court must dismiss, or if it is in the interest of justice,

transfer the action to any district in which it could have been
brought.  28 U.S.C. § 1406(a); see Kapordelis v. Danzig, 387 F.
App'x 905, 906-07 (11th Cir. 2010) (per curiam) (affirming *sua
sponte* transfer of a Bivens action from New York to Georgia
pursuant to § 1406(a)).  "The interests of justice generally favor
transferring a case to the appropriate judicial district rather
than dismissing it."  Hemispherx Biopharma, Inc. v. MidSouth
Capital, Inc., 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009).

    As noted, Dorsey contends that he was subjected to excessive
force and injured by sheriff's deputies and drug task force agents
at the Covington County Jail, and that the Sheriff of Covington
County acted to deny him adequate medical treatment for his
injuries.  Dorsey lists the "Covington County Jail" as the place
or institution where the action complained of occurred.  (Doc. 1
at 4).  The Sheriff of Covington County and a Covington County
drug task force agent are listed as Defendants, and an Andalusia,
Alabama address is provided for both Defendants.  (Id. at 6).  The
Court takes judicial notice that Andalusia and the Covington County
Jail are both located in Covington County, Alabama, which lies
within the Northern Division of the Middle District of Alabama.
See 28 U.S.C. § 81(b)(1).[2]  Thus, venue in this district is

---

[2] The Court also notes that Dorsey is presently incarcerated in
St. Clair County, Alabama, which lies in the Northern District of
Alabama.  See 28 U.S.C. § 81(a)(6).

improper, as the instant § 1983 action appears to have no connection to this district. Neither of the Defendants are alleged to reside in this district, and none of the events or omissions giving rise to Dorsey's claims occurred in this district. Instead, it is readily apparent that, pursuant to 28 U.S.C. § 1391(b), the proper venue for this action is the Northern Division of the Middle District of Alabama.

Considering Dorsey's *pro se* status, it is **RECOMMENDED**, in the interest of justice, that this action be **TRANSFERRED** to the Northern Division of the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **July, 2022.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
